1

2

3

4

5

6

7

8                      IN THE UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11

12  ROBERT TUNSTALL,                        No. 2:08-CV-01850-RRC

13              Plaintiff,                  **ORDER**

14       vs.                                **(1) GRANTING APPLICATION TO
                                            PROCEED IN FORMA PAUPERIS;**
15  MIKE KNOWLES, et al.,                   **(2)   GRANTING   REQUEST   TO
                                            AMEND COMPLAINT; AND**
16              Defendants.                 **(3) DISMISSING FIRST AMENDED
                                            COMPLAINT WITHOUT PREJUDICE**
17  _____/       **FOR FAILURE TO STATE A CLAIM**

18

19          Plaintiff Robert Tunstall is a state prisoner proceeding pro se.  Plaintiff has filed a civil rights

20  action pursuant to 42 U.S.C. § 1983, an application to proceed in forma pauperis under 28 U.S.C. §

21  1915, and motions to appoint counsel.

22  I.      Application to Proceed in Forma Pauperis

23          Plaintiff's Application to Proceed in Forma Pauperis makes the showing required by 28

24  U.S.C. § 1915(a) and is therefore granted.  Plaintiff is required to pay the statutory filing fee of

25  $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  Plaintiff is required to make monthly

26  payments of 20 percent of the preceding month's income credited to his prison trust account.  28

27  U.S.C. § 1915(b)(2).  The California Department of Corrections shall forward payments from

28  Plaintiff's account to the Clerk of the Court each time the amount in the account exceeds $10.00,

1  until the filing fee is paid in full.  Id.

2  II.    Statutory Screening of Prisoner Complaints

3          The Court is required to screen complaints brought by prisoners seeking relief against a
4  governmental entity or an officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The
5  Court must dismiss a complaint, or any portion thereof, if the complaint is frivolous, malicious, fails
6  to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is
7  immune from such relief.  28 U.S.C. § 1915A(b).  "Under § 1915A, when determining whether a
8  complaint states a claim, a court must accept as true all allegations of material fact and must
9  construe those facts in the light most favorable to the plaintiff."  Resnick v. Hayes, 213 F.3d 443,
10  447 (9th Cir. 2000).  The Court also construes pro se pleadings liberally.  Id.

11          To begin, the Court grants Plaintiff's request to amend his complaint.  See Fed. R. Civ. P.
12  15(a)(1) (permitting one amendment as a matter of course).  The amended complaint filed December
13  12, 2008, supersedes Plaintiff's original complaint, and the Court will not consider the original
14  filing.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).  The Court's review is limited
15  at this stage to the contents of the amended complaint and does not extend to the contents of any
16  other filings by Plaintiff.  See Gumataotao v. Dir. of Dep't of Revenue & Taxation, 236 F.3d 1077,
17  1083 (9th Cir. 2001).

18          To maintain a § 1983 action, a plaintiff must plead that defendants acting under color of state
19  law deprived the plaintiff of rights secured by the Constitution or a federal statute.  Ortez v.
20  Washington County, 88 F.3d 804, 810 (9th Cir. 1996).  To state a valid claim under § 1983, a
21  plaintiff must allege that he suffered a specific injury as a result of specific conduct of a defendant
22  and must show an affirmative link between the claimed injury and the defendant's actions.  See
23  Rizzo v. Goode, 423 U.S. 362 (1976).  "Vague and conclusory allegations of official participation in
24  civil rights violations are not sufficient" to state a claim.  Ivey v. Bd. of Regents, 673 F.2d 266, 268
25  (9th Cir. 1982).

26          Plaintiff names as defendants eight employees of the California Medical Facility: Mike
27  Knowles, L. Sanchez, Y. Cheng, V. Kahle, C. Gueffroy, J. P. Gonzalez, D. B. Lewis, and W. J.
28  Sankovich.  In his amended complaint, Plaintiff mentions only L. Sanchez, law librarian, and makes

- 2 -

1  no reference to the other seven defendants in his statement of the claim.  As such, Plaintiff has failed

2  to connect these seven defendants to any alleged injury and therefore has failed to state a claim

3  against them.

4      Plaintiff alleges in a brief paragraph that Sanchez refused him access to the prison law

5  library on May 13, 2008, and denied him the opportunity to make photocopies for a court filing

6  because Plaintiff "was unable to count each sheet of paper."  Additionally, Plaintiff alleges that

7  Sanchez falsified a state document by writing a false "CDC-128-A" against Plaintiff.  Plaintiff

8  requests that the Court dismiss the CDC-128-A form allegedly filed by Sanchez, order the Facility to

9  grant Plaintiff access to the law library, and award Plaintiff damages.

10     In this discussion Plaintiff does not state which constitutional or statutory right he believes

11  Sanchez to have violated, nor does his claim otherwise indicate how his rights may have been

12  violated.  Sanchez's alleged refusal to grant Plaintiff access to the law library does not alone

13  represent a civil rights violation.  Plaintiff's allegation that Sanchez wrote a false report against him

14  is too vague to state a cognizable claim for relief.

15     For the foregoing reasons, the Court must dismiss without prejudice Plaintiff's amended

16  complaint for failure to state a claim upon which relief may be granted.  Within 30 days, Plaintiff

17  may submit a Second Amended Complaint to cure the deficiencies noted above.

18     In any amended complaint, Plaintiff must write short, plain statements telling the Court: (1)

19  the constitutional or statutory right Plaintiff believes was violated; (2) the name of the defendant

20  who violated that right; (3) exactly what that defendant did or failed to do; (4) how the action or

21  inaction of that defendant is connected to the violation of Plaintiff's constitutional or statutory right,

22  as further explained above; and (5) what specific injury Plaintiff suffered because of that defendant's

23  conduct.  See Rizzo, 423 U.S. at 371-72.  Plaintiff must repeat this process for each person he names

24  as a defendant.  If Plaintiff fails to affirmatively link the conduct of each named defendant with the

25  injury Plaintiff claims to have suffered, the allegation against that defendant will be dismissed for

26  failure to state a claim.  Conclusory allegations that a defendant or a group of defendants have

27  participated in civil rights violations are not acceptable and will be dismissed.

28     Plaintiff must clearly designate on the face of the document that it is the "Second Amended

- 3 -

1    Complaint." The Second Amended Complaint must be retyped or rewritten in its entirety on a

2    court-approved form and may not incorporate any part of the original complaint or First Amended

3    Complaint by reference. The Second Amended Complaint will supersede both previous complaints.

4    See Ferdik, 963 F.2d at 1262. After amendment, the Court will treat the original complaint and the

5    First Amended Complaint as nonexistent. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).

6    III.    Motions to Appoint Counsel

7           In multiple filings in this Court, Plaintiff has requested that the Court appoint counsel. Only

8    under "exceptional circumstances" may the Court appoint counsel to represent indigent prisoners in

9    § 1983 cases. 28 U.S.C. § 1915(e)(1); Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991). The

10   Court finds that there are no exceptional circumstances in this case and therefore denies Plaintiff's

11   requests for appointment of counsel. If the Court determines that an amended complaint filed by

12   Plaintiff at a future date appears to state a claim for relief, Plaintiff then may file a new motion to

13   appoint counsel that the Court will consider at such time.

14   IV.    Warnings

15          A.    Release

16          Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release. Also,

17   within 30 days of his release, he must either (1) notify the Court that he intends to pay the balance or

18   (2) show good cause, in writing, why he cannot. Failure to comply may result in dismissal of this

19   action.

20          B.    Address Changes

21          Plaintiff must file and serve a notice of a change of address in accordance with Rule 83-

22   183(b) of the Local Rules. Plaintiff must not include a motion for other relief with a notice of

23   change of address. Failure to comply may result in the dismissal of this action.

24          C.    Possible "Strike"

25          Because the Complaint has been dismissed for failure to state a claim, the dismissal will

26   count as a "strike" under the "three-strikes" provision of 28 U.S.C. § 1915(g), unless Plaintiff either

27   files an amended complaint correcting the deficiencies identified in this Order or voluntarily

28   withdraws this action. Under the three-strikes provision, a prisoner may not bring a civil action or

- 4 -

1    appeal a civil judgment *in forma pauperis* under 28 U.S.C. § 1915 "if the prisoner has, on three or

2    more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a

3    court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to

4    state a claim upon which relief may be granted, unless the prisoner is under imminent danger of

5    serious physical injury." 28 U.S.C. § 1915(g).

6           D.    Possible Dismissal

7           If Plaintiff fails to timely comply with every provision of this Order, including these

8    warnings, the Court may dismiss this action without further notice. See Ferdik, 963 F.2d at 1260-

9    61.

10          Accordingly, IT IS HEREBY ORDERED:

11          1. Plaintiff's Application to Proceed in Forma Pauperis is granted.

12          2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. The

13   Director of the California Department of Corrections or his designee shall collect monthly payments

14   from Plaintiff's prison trust account in an amount equal to twenty percent of the preceding month's

15   income credited to the account. Payments shall be forwarded to the Clerk of the Court each time the

16   amount in the account exceeds $10.00, until a total of $350.00 has been collected and forwarded to

17   the Clerk of the Court. The payments shall be clearly identified by the name and number assigned

18   to this action.

19          3. The Clerk of the Court is directed to serve a copy of this order and a copy of Plaintiff's

20   Application to Proceed in Forma Pauperis on the Director of the California Department of

21   Corrections, via the court's electronic case filing system (CM/ECF).

22          4. The Clerk of the Court is directed to serve a copy of this order on the Financial

23   Department, United States District Court for the Eastern District of California, Sacramento Division.

24          5. Plaintiff's request to amend his complaint is granted. The First Amended Complaint filed

25   on December 12, 2008, supersedes Plaintiff's original complaint.

26          6. The First Amended Complaint, filed on December 12, 2008, is dismissed for failure to

27   state a claim. Plaintiff has 30 days from the date this Order is signed to file a Second Amended

28   Complaint in compliance with this Order.

1       7.  If Plaintiff fails to file an amended complaint within 30 days, the Clerk of the Court must,

2 without further notice, enter a judgment of dismissal of this action with prejudice that states that the

3 dismissal counts as a "strike" under 28 U.S.C. § 1915(g).

4       8.  Plaintiff's motions to appoint counsel are <u>denied</u>.

5 DATED: September 14, 2009.

6

7                           / s / Richard R. Clifton

                          RICHARD R. CLIFTON

8                           UNITED STATES CIRCUIT JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28